UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOEL N. ROBERTS** | **CIVIL ACTION NO. 24-0057** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **JACKSON PARISH SHERIFF'S DEPARTMENT, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Joel N. Roberts, a prisoner at Madison Parish Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately December 19, 2023, under 42 U.S.C. § 1983. He names the following Defendants: Jackson Parish Sheriff's Department, Sheriff Andy Brown, Deputy Sheriff Jonny Ray Horton, "State of Louisiana DA Office," Mrs. Carson, Jory Fain, Tonya Fain, and Tammy Fain.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff states that in June or July 2017, Tonya Fain complained to a deputy that her daughter, Tammy Fain, reported that on December 21, 2016, Plaintiff tried to get her "to look at [his] penis while Tammy Fain was driving [Plaintiff] down Anadarko Road in Eros, La." [doc. # 11, p. 1]. Plaintiff claims that Deputy Horton did not properly investigate Tonya Fain's complaint. [doc. # 11, p. 1].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

1

Plaintiff states that Deputy Horton also investigated him for allegedly raping Summer Michelle Difty. [doc. #s 1, p. 5; 11, pp. 1-2].

Plaintiff claims that Horton searched his trailer house without a warrant or consent. [doc. # 11, p. 2].

Plaintiff suggests that in April 2018, Deputy Horton and Mrs. Carson, a counselor at the Advocacy Center in Ruston, Louisiana, interviewed Difty. [doc. #s 1, p. 5; 11, p. 1]. Difty first told Carson multiple times that she never had sex with Plaintiff. Plaintiff claims, however, that Horton "had" Mrs. Carson threaten Difty into lying and implicating him. [doc. # 1, p. 5]. He claims that Horton then used Difty's "tainted statement to" obtain a warrant for his arrest. *Id.*

A United States marshal arrested Plaintiff "around May 24, 2018[,]" for 1st degree rape of Difty and indecent behavior with a juvenile, Tammy Fain. [doc. # 11, p. 3]. Plaintiff claims that Sheriff Andy Brown allowed Deputy Sheriff Horton to arrest him, knowing that Difty told them that nothing happened. [doc. # 1, p. 3]. Plaintiff does not "feel like" Horton had probable cause to arrest him. [doc. # 11, p. 3].

Plaintiff claims that Deputy Horton questioned him without first reading him his *Miranda* rights. [doc. # 11, p. 3].

Plaintiff claims that Jory Fain, Tonya Fain, and Tammy Fain lied in "statements" and police reports. [doc. # 1, p. 3].

A grand jury indicted Plaintiff on the charges on an unknown date. [doc. # 11, p. 3].

Also on an unknown date, the 1st degree rape charge was reduced to felony carnal knowledge of a juvenile. [doc. # 11, p. 3].

In September 2021, a judge severed Plaintiff's two charges. [doc. # 11, p. 5].

On approximately October 18, 2021, in the Second Judicial District Court, Plaintiff "went to trial on the" felony carnal knowledge of a juvenile charge involving Difty. [doc. #s 1, p. 3; 11, p. 5]. A jury found him not guilty. *Id.*

Plaintiff suggests that the indecent behavior with a juvenile charge was dismissed in April 2023. [doc. # 1, p. 5]. In May 2023, his attorney informed him that the charge was dismissed. [doc. # 11, p. 5].

Plaintiff seeks reimbursement for lost wages and out-of-pocket expenses. [doc. # 1, p. 4]. He also seeks to enjoin Jackson Parish Sheriff's Office to stop harassing him. *Id.*

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant

unlawfully-harmed-me accusation[s]" will not suffice.  *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions."  *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. State Actor**

As above, to state a claim under Section 1983 a plaintiff must allege that a defendant acted "under color" of state law.  42 U.S.C. § 1983.  "Private individuals generally are not considered to act under color of law, *i.e.,* are not considered state actors . . . ."  *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).  "[A] private individual may . . . act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors."  *Id.*

5

Plaintiff claims that Jory Fain, Tonya Fain, and Tammy Fain lied in "statements" and police reports. [doc. # 1, p. 3]. These three defendants are, however, private actors, and Plaintiff does not plausibly allege, for instance, that they conspired with a state actor, participated in joint activity with a state actor, or otherwise acted under color of state law. *See Thomas v. Abebe*, 2020 WL 6375119, at *2 (5th Cir. Oct. 29, 2020) (finding, where the plaintiff alleged that his son stole property while he was incarcerated, that "absent any allegation that the defendants were 'jointly engaged with state officials in the challenged action,' [the plaintiff] fails to state a claim under § 1983.").[3]

That the Defendants allegedly lied in police reports does not, absent more, render them state actors. "The execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action." *Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1079 (5th Cir. 1985). "[E]vidence that a private citizen reported criminal activity or signed a criminal complaint does not suffice to show state action on the part of the complainant in a false arrest case." *Moody v. Farrell*, 868 F.3d 348, 353 (5th Cir. 2017). Rather, "the plaintiff must show that the police in effecting the arrest acted in accordance with a preconceived plan to arrest a person merely because he was designated for arrest by the private party, without independent investigation. The action by the police

---

[3] *See also Roman v. Anthony*, 848 F. App'x 633 (5th Cir. 2021) ("Roman has not established that his complaint sets forth a facially plausible claim for relief because he has failed to allege facts or assert any argument addressing whether the defendants acted under color of state law."); *Montgomery v. Walton*, 759 F. App'x 312, 315 (5th Cir. 2019) ("Montgomery pleads no specific facts regarding the connection between the public officials and private citizens or where or when the criminal conduct occurred. In short, the allegations are incomprehensible for purposes of stating a claim of conspiracy against the defendants to deprive him of any cognizable constitutional rights.").

constitutes an abdication of state authority to a private party that is sufficient to cause the private party's acts to become state action."[4] *Sims*, 778 at 1079 (internal quotation marks and quoted sources omitted).

Here, Plaintiff does not allege that he was arrested under a preconceived plan and merely because Defendants designated him for arrest. Nor does he plausibly allege that the arresting officer failed to perform an independent investigation. *See Clark v. Thibodaux City*, 787 F. App'x 198, 201 (5th Cir. 2019). While Defendants could have influenced the actions of the arresting officer, Plaintiff does not plausibly allege that Defendants determined the arresting officer's actions. *See Moody*, 868 F.3d at 354 ("Farrell . . . influenced the actions of the police but did not determine them."); *Hernandez v. Schwegmann Bros. Giant Supermarkets*, 673 F.2d 771, 772 (5th Cir. 1982) (opining that a police officer's reliance on "information provided by citizens who witnessed the events" does "not convert the informing party into a state actor" where the officer makes "his own determination of cause to arrest.").

Accordingly, the Court should dismiss Plaintiff's claims against Jory Fain, Tonya Fain, and Tammy Fain.

## 3. Negligent Investigation

Plaintiff states that in June or July 2017, Tonya Fain complained to a deputy that her daughter, Tammy Fain, reported that on December 21, 2016, Plaintiff tried to get her "to look at

---

[4] "For example, in *Smith v. Brookshire Bros., Inc.*, the plaintiffs showed that pursuant to a prearranged plan, the defendant, a grocery store, 'could have people detained [for shoplifting] merely by calling the police and designating the detainee.'" *Moody*, 868 F.3d at 353 (*quoting Smith v. Brookshire Bros, Inc.,* 519 F.2d 93, 94 (5th Cir. 1975) (per curiam)). "In *Bartholomew v. Lee*, on the other hand, the fact that 'the plaintiffs were arrested in part . . . at the request of the [mall] security personnel, and not *wholly* based on any independent observations of the officers,' was not enough to show joint action between the mall and the police." *Id.* (*quoting Bartholomew v. Lee*, 889 F.2d 62, 63 (5th Cir. 1989) (alteration and emphasis in original)).

[his] penis while Tammy Fain was driving [Plaintiff] down Anadarko Road in Eros, La." [doc. # 11, p. 1]. Plaintiff claims that Deputy Horton did not properly investigate Tonya Fain's complaint. [doc. # 11, p. 1]. He alleges that if Horton would have properly investigated, he would have discovered that "you can't drive a two-wheel drive truck down Anadarko Road in Eros, LA, especially during hunting season." *Id.*

Plaintiff suggests that Horton applied for, and secured, an arrest warrant and that a United States marshal arrested him under the warrant. Plaintiff also states that a grand jury indicted him on an unknown date. [doc. # 11, p. 3].

To the extent Plaintiff faults Horton for conducting a negligent investigation, he fails to state a plausible claim. There is no freestanding right to be free from a negligent or even reckless investigation. *Hernandez v. Terrones*, 397 F. App'x 954, 966 (5th Cir. 2010). Likewise, there is no freestanding claim that an officer ignored exculpatory evidence. *Id.* Rather, these allegations may only color a false-arrest/malicious-prosecution claim. *Id.* ("We did not hold that the negligent investigation and ignoring of exculpatory evidence in *Sanders* were freestanding constitutional violations, rather, they were conduct supporting Sanders' claims for false arrest and illegal detention."). To the extent Plaintiff seeks to raise a "freestanding" claim of a negligent investigation, reckless investigation, or ignoring exculpatory evidence unmoored from any allegation of false arrest/malicious prosecution, the Court should dismiss the claim.

As to any false arrest/malicious prosecution claim, Plaintiff intimates that in preparing the warrant application, Horton omitted information he would have discovered upon a "proper" investigation, namely that a "two-wheel drive truck" is incapable of passage on "Anadarko Road in Eros, LA, especially during hunting season." [doc. # 11, p. 3].

8

To establish a claim under *Franks v. Delaware*, 438 U.S. 154, 156 (1978),[5] "plaintiffs must show that (1) the affidavit supporting a warrant contained false statements or material omissions; (2) the affiant made such false statements or omissions knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statements or material omissions were necessary to the finding of probable cause." *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir. 2021).

Here, Plaintiff does not plausibly allege that Horton omitted information from any affidavit knowingly, intentionally, or with reckless disregard for the truth. Rather, Plaintiff's claim sounds in negligence. He essentially alleges that Horton *should have* discovered additional information via a better investigation.

In *Ulrich v. City of Shreveport*, 765 F. App'x 964, 967 (5th Cir. 2019), the Fifth Circuit held that a plaintiff failed to meet the *Franks* standard because the plaintiff pled only simple negligence, alleging that a detective "was 'negligent in failing to determine' that [the plaintiff] had already been prosecuted" with respect to a double jeopardy claim. Likewise, in *Terwilliger v. Reyna*, 4 F.4th 270, n.8 (5th Cir. 2021), the court noted that allegations of negligence are insufficient and explained that "*Franks* counsels that every statement in a warrant affidavit need not be 'truthful' in an absolute sense" because probable cause "sometimes must be garnered hastily[.]" *See Arizmendi v. Gabbert*, 919 F.3d 891, 903 (5th Cir. 2019) ("Yet *Franks* explicitly requires inquiry into officers' states of mind to assess the validity of arrest warrants. Only

---

[5] A claim under *Franks* is a species of false arrest claim. *See Walker v. Stroman*, 2022 WL 2073834, at *2 (5th Cir. June 9, 2022); *Wilson v. Stroman*, 33 F.4th 202, 211 (5th Cir.), *cert. denied sub nom. Reyna v. Wilson*, 143 S. Ct. 425 (2022), and *cert. denied,* 143 S. Ct. 426 (2022).

deliberate or reckless misstatements or omissions are *Franks* violations; mere negligence will not suffice.").

Here, accordingly, the Court should dismiss Plaintiff's claim that Horton conducted a negligent investigation and failed to discover certain information.

**4. Statute of Limitations**

District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for a Section 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).

A. Malicious Prosecution

Plaintiff states that Deputy Horton investigated him for allegedly raping Summer Michelle Difty. [doc. #s 1, p. 5; 11, pp. 1-2]. In April 2018, Deputy Horton and Mrs. Carson, a counselor at the Advocacy Center in Ruston, Louisiana, interviewed Difty. [doc. #s 1, p. 5; 11, p. 1]. Difty first told Carson multiple times that she never had sex with Plaintiff. Plaintiff claims, however, that Horton "had" Mrs. Carson threaten Difty into lying and implicating him.

10

[doc. # 1, p. 5]. Plaintiff claims that Horton used the "tainted statement to" obtain a warrant for his arrest. [doc. # 1, p. 5].

A United States marshal arrested Plaintiff "around May 24, 2018[,]" for 1st degree rape. [doc. # 11, p. 3]. Plaintiff claims that Sheriff Andy Brown allowed Deputy Horton to arrest him, knowing that Difty told them that nothing happened. [doc. # 1, p. 3]. Above, however, Plaintiff states that a U.S. marshal arrested him. Interpreting the conflicting allegations liberally, Plaintiff appears to claim that Sheriff Brown allowed Horton to apply for and/or secure an arrest warrant which a marshal later executed.

On an unknown date, the 1st degree rape charge was reduced to felony carnal knowledge of a juvenile. [doc. # 11, p. 3]. On approximately October 18, 2021, in the Second Judicial District Court, Plaintiff "went to trial on the" felony carnal knowledge of a juvenile charge. [doc. #s 1, p. 3; 11, p. 5]. A jury found him not guilty. *Id.*

In *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018), cert. denied sub nom. *Johnson v. Winfrey*, 2019 WL 465382 (U.S. Apr. 15, 2019), the court characterized the following form of arrest as a malicious prosecution claim rather than a false arrest claim: the arrestee "was arrested through the wrongful institution of legal process: an arrest pursuant to a warrant, issued through the normal legal process, that is alleged to contain numerous material omissions and misstatements." The arrestee alleged "wrongful institution of legal process—an unlawful arrest pursuant to a warrant—instead of a detention with no legal process." *See Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003) ("In situations where the alleged seizure was pursuant to legal process the tort of malicious prosecution is most analogous . . . .").

Here, Plaintiff's claims against Sheriff Brown, Deputy Horton, and Mrs. Carson are best characterized as malicious prosecution claims for purposes of identifying the applicable accrual

11

date because, like the arrestee in *Winfrey*, Plaintiff claims that he was arrested under a warrant and that the warrant contained omissions or misstatements (i.e., Difty's statement that nothing happened with Plaintiff and Difty's coerced statement).

"A malicious prosecution claim only accrues once the criminal charges are dismissed because an element of that tort is the termination of a criminal prosecution in the plaintiff's favor." *Morrill v. City of Denton, Texas*, 693 F. App'x 304, 306 (5th Cir. 2017) (*citing Castellano*, 352 F.3d at 945 (en banc)).

Here, Plaintiff's claims accrued on approximately October 18, 2021, when a jury found him not guilty and, in turn, the approximate date the criminal proceeding ended in his favor. *See Fusilier v. Zaunbrecher*, 806 F. App'x 280, 283 (5th Cir. 2020) (finding, where the plaintiff claimed unlawful detention "pursuant to a warrant that the defendants caused to be issued because of 'misstatements,'" that the claim best fit "with a malicious prosecution analogy" and accrued "when he was acquitted."). Plaintiff, therefore, had one year or until October 2022, to file his claims. As Plaintiff did not file his claims against Sheriff Brown, Deputy Horton, and Mrs. Carson until, at the earliest, December 19, 2023,[6] the claims are untimely, and the Court should dismiss them.

B. <u>Unlawful Search</u>

Plaintiff claims that Horton searched his trailer house without a warrant or consent and then illegally seized items. [doc. # 11, p. 2]. Horton conducted the search "before summer Difty went to [the] forensic interview" in April 2018. [doc. # 11, pp. 1-2].

Plaintiff's claim accrued at the latest in April 2018, when Horton searched his trailer

---

[6] Plaintiff signed his initial pleading on December 19, 2023. [doc. # 1, p. 4].

house. Accordingly, Plaintiff had one year from then, or until April 2019, to file his claim. As above, however Plaintiff filed this proceeding at the earliest on December 19, 2023. Thus, the statute of limitations bars this claim, and the Court should dismiss it.[7]

C. Failure to Protect

In an amended pleading, Plaintiff mentions that he was "jumped by five D.O.C. inmates on or around February 2020 in P-Dorm at the J.P.C.C. right in front of the control room while [he] was sleeping." [doc. # 11, p. 6]. "Major Johnson watched the camera with Captain Mize." *Id.*

Plaintiff does not appear to name Johnson and Mize as defendants. Nor does he appear to seek relief for these allegations. Even assuming he did seek relief from Johnson and Mize, the statute of limitations would bar the claims.

The claims accrued February 2020, when Johnson and Mize allegedly failed to protect him from harm. Plaintiff plainly had knowledge of his claims when the other inmates harmed him and when defendants allegedly failed to protect him from that harm.[8] Plaintiff therefore had one year, or until February 2021, to file his claims. As Plaintiff did not file his claims until, at the earliest, December 19, 2023, the claims are untimely.

**5. Failure to Read *Miranda* Rights**

Plaintiff claims that Deputy Horton questioned him without first reading him his rights

---

[7] The limitations period is subject to state tolling and equitable tolling in certain circumstances, but Plaintiff does not allege or suggest that such circumstances were present before he filed this proceeding. If Plaintiff contends that the statute of limitations was tolled for any reason, he may present his contention in an objection to this Report and Recommendation.

[8] *See White v. Zerangue*, 57 F. App'x 210 (5th Cir. 2002) (affirming a finding that a failure-to-protect claim against law enforcement officers accrued the day the inmate was attacked by fellow inmates).

under *Miranda v. Arizona*, 384 U.S. 436, 439 (1966). [doc. # 11, p. 3].

The officer's alleged failure to read *Miranda* warnings, however, did not violate Plaintiff's constitutional rights and "cannot be grounds for a § 1983 action." *Chavez v. Martinez*, 538 U.S. 760, 772 (2003); *see Foster v. Carroll Cty.*, 502 F. App'x 356, 358 (5th Cir. 2012). A "violation of the *Miranda* rule[]" does not provide "a basis for a claim under § 1983." *Vega v. Tekoh*, 597 U.S. 134, 141 (2022). The Court should dismiss this claim.

### 6. Jackson Parish Sheriff's Department

Plaintiff names Jackson Parish Sheriff's Department as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24.

Here, Jackson Parish Sheriff's Department does not qualify as a juridical person. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Aucoin v. Terrebonne Par. Sheriff's Off.*, 2022 WL 16657429, at *1 (5th Cir. Nov. 3, 2022). Accordingly, the Court should dismiss Plaintiff's claims against this entity.

### 7. "State of Louisiana DA Office"

Plaintiff names "State of Louisiana DA Office" as a defendant, but he does not set forth any allegations against it. [doc. # 1, p. 3]. A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory

14

allegations. *Ashcroft*, 556 U.S. at 662. Here, the Court should dismiss this defendant because Plaintiff does not raise a claim against it.

**8. Excessive Bond**

Plaintiff states that Deputy Horton held him "on an excessive bond for 4 years . . . ." [doc. # 1, p. 3]. To the extent Plaintiff faults Horton for setting an excessive bond, the claim is implausible. Under Louisiana law, only judges, magistrates, district court commissioners, justices of the peace, and other courts have the authority to fix bail. *See* LA. CODE CRIM. PROC. art. 314; *see also Qualls v. Ouachita Par.*, 2008 WL 4758659, at *5 (W.D. La. Sept. 29, 2008) *Little v. Frederick*, 2018 WL 6036911, at *9 (W.D. La. Aug. 28, 2018), *report and recommendation adopted,* 2018 WL 5993879 (W.D. La. Nov. 14, 2018). Accordingly, the Court should dismiss this ostensible claim.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Joel N. Roberts's claims be **DISMISSED WITH PREJUDICE** as untimely, frivolous, and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 3rd day of June, 2024.

Kayla Dye McClusky
United States Magistrate Judge